UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ALBERTO M., <br> Plaintiff, <br> v. <br> ANDREW SAUL, <br> Commissioner of Social Security, <br> Defendant. | No. CV 18-9669 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on November 16, 2018. The parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 9, 10.)

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on October 6, 2014 and alleged an onset date of June 1, 2009. Administrative Record ("AR") 15. The application was denied initially and upon reconsideration. AR 15, 55, 66. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 15, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified. AR 29-54. On August 22, 2017, the ALJ issued a decision that denied benefits. AR 12-23. On September 12, 2018, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2014. AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of diabetes mellitus, gout, kidney disease, and hearing loss. AR 18.

The ALJ found that Plaintiff had the residual functional capacity to lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; sit/stand/walk up to six hours in an eight-hour workday with no more than occasional foot controls with the lower extremities; and balance, stoop, kneel, crouch, crawl or climb ramps or stairs occasionally. Plaintiff was precluded from climbing ladders, ropes or scaffolds, and from exposure to uneven terrain, temperature extremes, noise, vibrations and environmental irritants. AR 19. Through the date last insured, Plaintiff was capable of

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

performing past relevant work as a real estate appraiser as generally performed. AR 23.

    **C.    Past Relevant Work**

At step four of the sequential analysis, the claimant has the burden of showing that he or she can no longer perform past relevant work. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "The claimant must be able to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845 (quoting Social Security Ruling 82-61); *see* 20 C.F.R. § 416.920(f) ("we will compare our residual functional capacity assessment . . . with the physical and mental demands of your past relevant work").

As the ALJ acknowledged, the vocational expert testified that a claimant with Plaintiff's residual functional capacity would not be able to perform his past relevant work as a real estate appraiser. The vocational expert did not state her reasons. AR 51-52. The ALJ disagreed in his decision:

> However, upon review of the selected characteristics of the job of real estate appraiser contained in the DOT, I note the job requires no more than frequent hearing. In light of the evidence of improvement in the claimant's hearing with medications, as discussed above, I find the claimant would have been capable of performing the job of real estate appraiser as generally performed. Accordingly, in comparing the claimant's residual functional capacity with the physical and mental demands of the work as a real estate appraiser, I find the claimant was able to perform thsi work as generally performed, per the DOT.

AR 23.

Plaintiff argues that the ALJ's conclusion is inconsistent with his residual functional capacity assessment, which precludes Plaintiff from working around "noise." The DOT lists five noise intensity levels and categorizes the job of real estate appraiser at noise level 3 (moderate).[4] (DOT 191.267-010.) There is a facial inconsistency between the ALJ's residual functional capacity assessment and his finding at step four of the sequential analysis.

The Commissioner responds that precluding Plaintiff from any noise whatsoever on this record "defies common sense" and that the ALJ did not expressly state what level of exposure to noise was acceptable. (JS at 8.) As the Commissioner points out, the ALJ found the opinions of the state agency consultants persuasive. AR 22. On the pages cited by the ALJ, the state agency consultants opined that Plaintiff should "[a]void even moderate exposure" to noise. AR 22, 63, 75. Even assuming the ALJ meant to incorporate the state agency consultants' opinions, it is not clear that Plaintiff could perform a job at noise level 3, which is moderate.

Accordingly, this matter must be remanded for further proceedings. *See Higgins v. Astrue*, 2011 U.S. Dist. LEXIS 110906, *5-*6 (C.D. Cal. Sept. 28, 2011) (remanding based on inconsistencies in noise levels). The decision whether to remand for further proceedings is within the discretion of the district court. *Treichler v. Comm'r*, 775 F.3d 1090, 1099 (9th Cir. 2014). When, as here, there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1101.

---

[4] Level 1 is "very quiet," such as an isolation booth for a hearing test, deep sea diving or forest trail. Level 2 is "quiet," such as a library, private office, funeral reception, golf course and art museum. Level 3 is "moderate," such as business office, department store, grocery store, light traffic and fast food restaurant in off hours. Level 4 is "loud," such as a can manufacturing department, large earth-moving equipment and heavy traffic. Finally, Level 5 is "very loud," such as a rock concert, jackhammer work and a rocket engine testing area during a test.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion.

DATED: January 7, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge